**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4154**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROSALYNN D. CRAWFORD,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Bruce H. Hendricks, District Judge.  (8:16-cr-00277-BHH-5)

Submitted:  September 13, 2018          Decided:  September 17, 2018

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Barlow Loggins, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rosalynn Crawford appeals the district court's judgment revoking her probation and sentencing her to 24 months' imprisonment. Crawford's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion when it revoked Crawford's probation and imposed the two-year sentence. Although advised of her right to do so, Crawford has not filed a pro se supplemental brief. The Government declined to file a brief. We affirm.

A court may continue or revoke probation if the defendant violates a condition of probation, 18 U.S.C. § 3565(a) (2012), and must revoke probation if the defendant "tests positive for illegal controlled substances more than 3 times over the course of 1 year," *id.* § 3565(b)(4). We review a district court's revocation decision for abuse of discretion and any underlying factual findings for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (supervised release). Having carefully reviewed the record in this case, we conclude that the district court did not clearly err in its factual determinations concerning Crawford's probation violations. We further hold that the decision to revoke Crawford's probation complied with the probation revocation statute.

A district court has broad discretion to impose a sentence upon revoking a defendant's probation. *United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997) (district court may impose any term of imprisonment within statutory maximum for original violation); *United States v. Moulden*, 478 F.3d 652, 655 (4th Cir. 2007) (using same standard to review sentence imposed on probation revocation and on supervised

2

release revocation). This court will affirm a sentence imposed after revocation if it is within the statutory maximum and is not "plainly unreasonable." *Moulden*, 478 F.3d at 656. To determine whether a revocation sentence is plainly unreasonable, this court first must assess the sentence for reasonableness. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006).

A probation revocation sentence is procedurally reasonable if the district court has considered the Guidelines' Chapter Seven advisory policy statement range and the applicable 18 U.S.C. § 3553(a) (2012) factors, *see* 18 U.S.C. § 3565(a); *Moulden*, 478 F.3d at 656, and has adequately explained the sentence chosen. *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. Only if a sentence is found unreasonable will we decide whether it is "plainly" so. *Moulden*, 478 F.3d at 657. Applying these standards, we conclude that Crawford's sentence is not unreasonable, much less plainly so.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Crawford, in writing, of the right to petition the Supreme Court of the United States for further review. If Crawford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crawford.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*